**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ANIBAL MARTINEZ-VASQUEZ, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-72141 <br><br> Agency No. A098-950-722 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Anibal Martinez-Vasquez, a native and citizen of El Salvador, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Hu v. Holder*, 652 F.3d 1011, 1016 (9th Cir. 2011). We deny in part and we grant in part the petition for review, and we remand.

The record does not compel the conclusion that Martinez-Vasquez established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. §§ 1208.4(a)(4),(5); *see also Ramadan v. Gonzalez*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Thus, we deny Martinez-Vasquez's petition as to his asylum claim.

Substantial evidence supports the agency's denial of CAT relief because Martinez-Vasquez failed to show it is more likely than not he will be tortured with the consent or acquiescence of the Salvadoran government if returned to El Salvador. *See Garcia-Milian v. Holder,* 755 F.3d 1026, 1033-35 (9th Cir. 2014). Thus, Martinez-Vasquez's CAT claim also fails.

In denying Martinez-Vasquez's withholding of removal claim, however, the BIA found Martinez-Vasquez failed to establish past persecution or a fear of future persecution on account of a protected ground. When the BIA issued its decision in this case it did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d

1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014) and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014).  Thus, we remand Martinez-Vasquez's withholding of removal claim to determine the impact, if any, of these decisions.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**